

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1221-12

### THE STATE OF TEXAS

### v.

### TONY TYRELL BETTS, Appellee

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TENTH COURT OF APPEALS
### NAVARRO COUNTY

**PRICE, J., filed a concurring opinion.**

### CONCURRING OPINION

I agree with the Court's resolution of the plain-view and community-caretaking issues and readily join those facets of the Court's opinion.[1] I do not join the Court's standing analysis, however, because I believe the Court has misconceived the issue. Perhaps

---

[1] Majority Opinion at 11-15.

misguided by the State Prosecuting Attorney's formulation of the issue,[2] the Court asks

whether the appellant had a reasonable expectation of privacy in the premises *searched*.[3] But

it is not really the legality of the *search* that is in issue here. Indeed, the Court acknowledges

as much in its plain-view analysis, correctly concluding that there was no *search* involved

because the trial court found that the authorities could fully observe the dogs, and their

lamentable condition, without intruding even upon the curtilage of the house.[4] Therefore,

the question is really whether the appellant had standing on the facts presented by virtue of

an ownership or possessory interest in the things that were *seized*, *viz*., the dogs. It is

undisputed on the record that the dogs were his, and that should suffice to resolve the

standing issue in his favor.[5] Whether the appellant had a reasonable expectation of privacy

---

[2]    *Id*. at 6.

[3]    *Id*. at 6-11.

[4]    *Id*. at 11-12. *Compare Florida v. Jardines*, ___ S.Ct. ___ , 2013 WL 1196577 (2013) (drug-sniff dog's physical intrusion upon the curtilage of a home in order to detect facts giving rise to probable cause itself constitutes a "search" for Fourth Amendment purposes).

[5]    *See United States v. Jeffers*, 342 U.S. 93, 95-96 (1951) (defendant had standing to challenge the warrantless seizure of narcotics in a hotel room occupied by his aunts by virtue of the fact that he was allowed access to the premises "at will" and he had a property interest in the seized narcotics); *see also* Wayne R. LaFave, 6 SEARCH AND SEIZURE: A TREATISE ON THE FOURTH AMENDMENT § 11.3(c), at 225 (5th ed. 2012) ("Assume now a situation in which the defendant moving to suppress certain evidence has established a property interest in those effects but has not in addition established any expectation of privacy as to them . . .. Is such a person totally without standing? Not at all. Though there is little authority directly in point . . ., it would seem that a 'possessory interest in the item seized should give rise to fourth amendment protection and should entitle an individual to challenge the reasonableness of the seizure.'" (quoting William A. Knox, Some Thoughts on the Scope

in the curtilage of the home strikes me as beside the point when the dispositive question is whether he had standing to challenge the *seizure*.

FILED:     April 17, 2013
PUBLISH

---

of the Fourth Amendment and Standing to Challenge Searches and Seizures, 40 Mo.L.Rev. 1, 50 (1975))).